```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**DAVID R. BROWN,**

                       **Petitioner,**

        v.                                  CASE NO.07-3227-SAC

**RAY ROBERTS, et al.,**

                        **Respondents.**

### O R D E R

Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus submitted under 28 U.S.C. § 2254, alleging error in his conviction in Sedgwick County Case 96-CR-1729 on charges of attempted aggravated robbery and five counts of kidnapping. Before the court is respondents' motion to dismiss the petition without prejudice, based upon petitioner's failure to exhaust state court remedies. Having reviewed the record, the court denies this motion.

The procedural background to the present action is far from simple. It starts, however, with the fact after petitioner was convicted in Sedgwick Case 96-CR-1729, petitioner's appointed appellate counsel filed a timely notice of appeal but never docketed that appeal in the Kansas appellate courts.

Petitioner first sought federal habeas review of this conviction in a petition filed in the District of Kansas in 2005, alleging his confinement on sentences imposed in 81-CR-611 and 96-CR-1729 was unlawful. *See* <u>Brown v. Roberts</u>, Case No. 05-3160-SAC.

This court dismissed that petition as time barred by the one year limitation period in 28 U.S.C. § 2244(d)(1).

On April 12, 2006, the Tenth Circuit Court of Appeals vacated the dismissal of petitioner's claims regarding the 96-CR-1729 conviction, and remanded for dismissal of the petition without prejudice.[1] The circuit court found dismissal of the petition based upon petitioner's failure to exhaust state court remedies was warranted, given petitioner's pending notice of appeal in the state district court, and the possibility under Kansas law that petitioner could yet obtain leave to file his direct appeal out of time in the state appellate courts.  On May 16, 2006, this court dismissed petitioner's habeas application without prejudice.

Following the circuit court's decision, it appears petitioner made numerous attempts to get his appeal in 96-CR-1729 docketed in the Kansas Court of Appeals.  Petitioner provides a copy of a letter from the Kansas Appellate Courts which references petitioner's 2006 correspondence to that office on May 12, July 6, August 21, August 28, September 8, September 11, October 13, and October 17, 2006, as well as the appellate clerk's response to each by detailing the procedure for docketing petitioner's appeals.[2] (Complaint, Doc. 1, Exh 4.)

---

[1]The circuit court also determined that this court should have treated petitioner's habeas application concerning his 1981 conviction as a second or successive petition which required circuit authorization before this court could consider petitioner's claims. Because the circuit court then denied such authorization, that portion of the instant habeas action was not remanded.

[2]It appears petitioner was attempting to docket appeals in both his 1981 and 1996 criminal cases.

In March 2007, petitioner submitted pleadings for filing in his 1981 and 1996 criminal cases. (Complaint, Doc. 1, Exh. 8.) This resulted in the filing of a motion in the Kansas Court of Appeals on April 12, 2007, for leave to docket an appeal out of time in his 1996 criminal case. See State v. Brown, Appeal No. 98458. The Kansas Court of Appeals summarily denied that motion on May 1, 2007, and the Kansas Supreme Court denied further review on June 21, 2007. Petitioner then submitted the instant petition on August 30, 2007, asserting four grounds for relief, including claims of being denied the effective assistance of trial and appellate counsel.

Respondents now seek dismissal of this action without prejudice, based upon petitioner's failure to exhaust available state court remedies. Respondents point to petitioner's failure to present his claims to the state appellate courts, namely petitioner's failure to docket his direct appeal, and petitioner's failure to pursue any post-conviction relief on his allegations of ineffective assistance of trial and appellate counsel.

In response, petitioner argues he adequately exhausted state court remedies by presenting his claims to the appellate courts even if no decision on the merits resulted. Petitioner also appears to argue that respondents failed to address any of his claims on the merits and thereby waived objections to his claims.[3]

---

[3] Additionally, petitioner filed a separate motion for his immediate release from custody, arguing the state courts failed to comply with the Tenth Circuit order entered on April 12, 2006, and thereby waived all further opportunity to correct allegations of constitutional error in petitioner's 1996 conviction. The court denies this separate motion as having no basis in fact or law.

The Tenth Circuit order did not order the state courts to docket petitioner's direct appeal. Rather, it noted the legal

3

Having carefully reviewed the record, the court agrees that petitioner has not properly and fully exhausted state court remedies on his claims. The court is not convinced, however, that dismissal of the petition without prejudice to allow petitioner the opportunity to pursue state court remedies, including post-conviction relief on claims of ineffective assistance of trial and appellate counsel, is appropriate under the circumstances.

Respondents have not addressed the impact of the Kansas appellate courts' summary denial of petitioner's motion for leave to file his direct appeal out of time. The court thus questions whether any further appellate review of petitioner's claims in his direct appeal remains available under Kansas law, and if so, what steps must be taken to effect such review. If further direct review is not available, the court next questions the date petitioner's 1996 conviction became final for purposes of starting the running of the one year limitation period in 28 U.S.C. § 2244(d)(1), in light of Tenth Circuit case law.[4] Additionally, although petitioner has not yet properly exhausted state court remedies on any post-

---

effect of the *possibility* that the state appellate courts might allow petitioner file a direct appeal out of time. *See also* 28 U.S.C. § 2254(b)(3)("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.").

[4]*See* Orange v. Calbone, 318 F.3d 1167 (10th Cir. 2003)(A motion to file a direct appeal out of time, if granted, would result in the underlying state conviction not becoming final for purposes of starting the statutory limitation period, 28 U.S.C. § 2244(d)(1)(A), until the out of time direct appeal was decided. If the motion is denied, however, the impact on the § 2244(d) limitation period would be limited to the statutory tolling under § 2244(d)(2)).

4

conviction claim of ineffective assistance of trial or appellate counsel, the court finds dismissal of the petition without prejudice to allow petitioner to pursue such relief is not appropriate without first determining whether there is any sound basis for staying the instant petition to preserve federal habeas review of any claim for which state court remedies remain available.[5]

Respondents' motion to dismiss is denied without prejudice to respondents refiling a motion within thirty (30) days that addresses the concerns identified by the court.

IT IS THEREFORE ORDERED that respondents' motion to dismiss the petition without prejudice based upon petitioner's failure to exhaust state court remedies (Doc. 5) is denied without prejudice.

IT IS FURTHER ORDERED that petitioner's motion for an order for his immediate release (Doc. 8) is denied.

**IT IS SO ORDERED.**

DATED:  This 13th day of August 2008 at Topeka, Kansas.

        s/ Sam A. Crow
        SAM A. CROW
        U.S. Senior District Judge

---

[5] *See* Rhines v. Weber, 544 U.S. 269 (2005)(federal courts have discretion to stay a habeas corpus action to preserve review of a timely-filed action for habeas corpus).