IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DAVID R. BROWN,

                              Petitioner,

            v.                                   CASE NO.07-3227-SAC

RAY ROBERTS, et al.,

                              Respondents.


                              **O R D E R**

     Petitioner proceeds pro se and in forma pauperis on a petition
for a writ of habeas corpus under 28 U.S.C. § 2254, alleging error
in his 1997 conviction in Sedgwick County Case 96-CR-1729 on charges
of attempted aggravated robbery and kidnapping.  The grounds
asserted in the petition generally center on allegations of (1) a
defective complaint or information, (2) ineffective assistance of
trial and appellate counsel, in part for never docketing
petitioner's direct appeal, and (3) cruel and unusual punishment to
be subjected to constitutional error and ineffective representation
during his criminal proceeding and appeal.

     Respondents filed a motion to dismiss the petition without
prejudice, based upon petitioner's failure to exhaust state court
remedies by never docketing his direct appeal, and failing to pursue
post-conviction relief on his allegations of ineffective assistance
of trial and appellate counsel.  The court denied the motion without
prejudice to respondents resubmitting a motion that addressed what

state court remedies remained available to petitioner, and whether a stay of this matter was required to allow petitioner to proceed on his claims within the limitation period imposed by 28 U.S.C. § 2244(d)(1).

Respondents filed a "reply"[1] citing State v. Ortiz, 230 Kan. 733 (1982), as establishing the sole remedy now available to petitioner for obtaining leave to file a state court appeal out of time in a manner that would allow petitioner to seek federal habeas relief in a timely manner, and as negating any need for a stay of this matter if the state courts find an Ortiz exception exists. Because the facts in petitioner's case might support the state court's finding and application of an Ortiz exception, and because petitioner had not yet sought an Ortiz hearing in the state district court, respondents reasserted their position that the petition should be dismissed without prejudice.

In response, petitioner filed a pro se pleading titled "Summary of Judgment," arguing the Ortiz exception is not applicable to criminal appeals. Petitioner further reiterates that he adequately exhausted state court remedies by presenting his claims to the appellate courts even if no decision on the merits resulted, and seeks federal habeas review of his claims on their merit.

Having reviewed the record, the court finds Kansas law and the circumstances of petitioner's state court litigation favor

---

[1]The court treated respondents' pleading as a motion for reconsideration of the court's denial of respondents' motion to dismiss, in light of the new information requested by the court.

respondents' position, and offer no support to petitioner.

Petitioner's understanding of Ortiz is flawed.  The Kansas Supreme Court recently reviewed Ortiz, stating the 1982 decision "recognized the basic principle that a criminal defendant enjoys certain procedural due process protections, not only at trial or plea but also on appeal[, and that t]hese protections form the parameters and fill in the content of fundamental fairness[.]" State v. Patton, __Kan. __, 195 P.3d 753, 764-65 (2008).  When these protections "are ignored or violated, a remedy is necessary."  Id. at 765.  Permission for a late direct appeal is the remedy to be afforded under "three narrowly defined, truly exceptional circumstances," namely "if a defendant (1) had not been informed of his or her right to appeal, (2) had not been furnished an attorney to perfect an appeal, or (3) had been furnished an attorney who failed to perfect an appeal."  Id. at 765 and 758-59.

In the present case, petitioner's timely filed notice of appeal, coupled with his appointed counsel's failure to docket that appeal, might well satisfy the third Ortiz exception for allowing petitioner to restore his direct appeal to the Kansas appellate courts.² As respondents correctly point out, if petitioner asks the district court to recognize that the third Ortiz exception exists in his attempt to pursue a direct appeal in his 1996 criminal case, and if the district court finds the circumstances warrant application of

---

²There is Kansas authority for applying the fundamental fairness rationale in Ortiz to allow a defendant to perfect a direct appeal out of time if one of the narrow exceptional circumstances in Ortiz can be met.  See State v. Phinney, 280 Kan. 394 (2005).

that exception to protect petitioner's fundamental rights to pursue an untimely appeal, then petitioner's direct appeal would be restored. *See* Jimenez v. Quarterman, 129 S.Ct. 681 (2009)(order granting out of time appeal restored pendency of petitioner's direct appeal).  Where the possibility of an Ortiz exception is apparent on the face of the record, and petitioner has not yet pursued this slim remedy for salvaging his direct appeal,[3] this court is persuaded that dismissal of the instant petition without prejudice is appropriate.

Petitioner is advised that if his direct appeal is not reinstated, any attempt to seek federal habeas corpus relief will be subject to the one year limitation period imposed by 28 U.S.C. § 2244(d)(1).[4]

---

[3]Although petitioner cites persistent unsuccessful efforts to obtain appellate review of claims regarding his 1996 conviction, there is nothing to suggest he ever pursued relief under Ortiz in the district court as provided under Kansas law.  The court rejects petitioner's contention that his various proceedings in the state courts constitute full exhaustion of state court remedies for the purpose of allowing federal habeas review on the merits of petitioner's claims.  But for the possibility of petitioner's direct appeal being reinstated through Ortiz, the record instead raises obvious timing and procedural default issues that would otherwise bar federal habeas review.

[4]As amended by the Antiterrorism and Effective Death Penalty Act in 1996, 28 U.S.C. § 2244(d) reads:
      (1) A 1-year period of limitation shall apply to an
   application for a writ of habeas corpus by a person in
   custody pursuant to the judgment of a State court.  The
   limitation period shall run from the latest of -
            (A) the date on which the judgment became final
         by the conclusion of direct review or the expiration
         of the time for seeking such review;

In <u>Jimenez</u>, the Supreme Court addressed the impact of petitioner's out of time appeal on the running of that statutory limitation period from the date petitioner's conviction became "final," 28 U.S.C. § 2244(d)(1)(A).  It held the state court's order granting an out of time appeal restored the pendency of petitioner's direct appeal, thus petitioner's conviction was no longer "final" for purposes of 28 U.S.C. § 2244(d)(1)(A).  Of significance to petitioner, however, the Supreme Court stated it was not deciding whether a federal habeas petition - filed after the one year limitation period had expired but before the state court reopened direct review - could have been timely filed under 28 U.S.C. § 2244(d)(1).  <u>Id</u>. at 686, n.4.  Because "the possibility that a state court may reopen direct review 'does not render convictions and sentences that no longer subject to direct review nonfinal,'" <u>id</u>. (*quoting* <u>Beard v. Banks</u>, 542 U.S. 406 (2004)), it noted the

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect tot he pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

timeliness of any such filing would have to be established other than through 28 U.S.C. § 2244(d)(1)(A).

IT IS THEREFORE ORDERED that petitioner's filing of a "Summary of Judgment" (Doc. 15) is construed by the court as petitioner's response to respondents' motion for reconsideration (Doc. 12) of the denial of respondents' motion to dismiss.

IT IS FURTHER ORDERED that respondents' motion for reconsideration (Doc. 12) is granted, and that this action is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 12th day of February 2009 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge